Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
**CRISPIN HANNON MARTON CAMBRELENG LLC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770

*Of Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **DICA DIETZSCHOLD,** an individual and **GRACE DIETZSCHOLD,** an individual,<br><br>  Plaintiffs,<br><br>  v.<br><br>**CITY OF PORTLAND,** a municipal corporation; **BRENT MAXEY**, an individual, and **JOHN DOES,** unknown individuals,<br><br>  Defendants. | Case No.  3:22-cv-00989-SB<br><br><br>**SECOND AMENDED COMPLAINT**<br>(Violations of Civil Rights 42 U.S.C. § 1983; 1st and 4th Amendment, Intentional Infliction of Emotional Distress; Battery and Assault; Oregon Common Law Claims; Attorney Fees)<br><br>**JURY TRIAL REQUESTED** |

## NATURE OF ACTION

1.

This is a Civil Rights and State Tort action brought by a mother, Plaintiff Dica Dietzschold ("Dica"), and her daughter, Plaintiff Grace Dietzschold ("Grace"), pursuant to 42 U.S.C. § 1983 and ORS 30.265, *et al*. Dica is a nonviolent medic, who regularly provides free medical and mutual aid to other protestors, medics, press, and houseless individuals. Grace is a nonviolent medic and protestor, who also assists with medical needs and mutual aid. Both Dica and Grace were engaged in providing medical and mutual aid at a lawful, daytime protest against police violence towards the BIPOC community on September 26, 2020, at Peninsula Park when they were aggressively assaulted by Portland Police Officers. Prior to the events of September 26, 2020, Dica and Grace were aware of serious and ongoing threats by members of the far-right, extremist group, The Proud Boys. There were credible threats that on September 26, 2020, members of the Proud Boys would engage in physical violence against protestors, supporters of the BLM movement, and houseless individuals at Delta Park.  As a result, the decision was made to hold the BLM event in Peninsula Park during daytime hours. The decision was also made that protestors should be provided with plastic and foam protective gear since there were realistic threats of violence by the Proud Boys.

That afternoon, while Dica and Grace gathered supplies near a van at the west entrance to the Peninsula public park, they, along with several other individuals who were also congregating at the park, were handed several foam shields, and other protective gear to avoid less lethal munitions. As the group gathered the material and other supplies, multiple Portland Police Officers aggressively pushed protestors and confiscated their supplies, including the shields. Dica and Grace witnessed this happen on the west entrance and inquired about the legality of

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

taking away such trivial objects. While Dica was questioning the officers, several additional officers, including Portland Police Officer Brent Maxey, approached the group of bystanders. Officer Maxey came from behind Dica and violently grabbed her jacket and shoved her to the ground where she landed on her side, injuring her shoulder, back, and neck. Grace was shocked by what she witnessed and lunged towards her mother, which dislodged the foam shield she was holding. Grace wanted to help her mother and was confused by the sudden onslaught of violence. Grace was then ambushed by multiple PPB Officers. She was carried into the street where several PPB Officers knelt on her back, handcuffed her hands, and violently twisted her arms. Grace pleaded with the Officers to stop hurting her body. In response, they slammed Grace's head to the pavement. This all happened as Dica watched in horror. The entire incident was video recorded by multiple protesters and members of the press. Grace was then arrested and charged with disorderly conduct and aggravated assault. While in custody, she suffered a panic attack, was isolated, and humiliated. Grace's criminal trial resulted in a not guilty verdict. Both Grace and Dica suffered physical and emotional injuries.

2.

The acts and omissions of defendants violated plaintiffs' rights under the First and Fourth Amendments to the United States Constitution.

3.

Plaintiffs also bring claims for violation of state law for Assault and Battery and Intentional Infliction of Emotional Distress, all pursuant to the court's supplemental jurisdiction.

4.

Plaintiffs seek to recover their economic damages, noneconomic damages, attorney fees and litigation expenses/costs from defendants.  Plaintiffs also seek an assessment of punitive

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

damages against the individual defendants under federal law.

## JURISDICTION AND VENUE

5.

This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1331, 1343, and 1397.

6.

The court has jurisdiction over plaintiffs' state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

7.

The events described herein are alleged to have been committed in the District of Oregon, Portland Division.

## PARTIES

8.

Plaintiff **DICA DIETZSCHOLD** is an individual resident and citizen of the State of Oregon, County of Washington.

9.

Plaintiff **GRACE DIETZSCHOLD** is an individual resident and citizen of the State of Oregon, County of Washington.

///

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

10.

Defendant **CITY OF PORTLAND** is a municipal corporation in the State of Oregon. As a local governmental entity, the City of Portland is a person for purposes of 42 U.S.C. § 1983. At all material times, the City of Portland employed defendants Brent Maxey and John Does. At all material times, defendants Maxey and John Does were acting pursuant to the City of Portland's laws, customs, and/or policies. Pursuant to ORS 30.285(1), the city must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by plaintiffs. On information and belief, the decision to indiscriminately use force against plaintiffs was made at a sufficiently high level as to be a policy decision of the City of Portland.

11.

Defendant **BRENT MAXEY** is a Portland Police Officer who at all material times was employed by defendant City of Portland and was acting under color of state law and within the course and scope of his employment.

12.

Defendants **JOHN DOES** are unidentified members of the Portland Police Bureau, who were involved along with Maxey in the incident forming the basis of plaintiffs' claims herein. They were working within the course and scope of their employment and acted as alleged herein under color of state law. Plaintiffs do not know John Does by their true names and therefore sues them under fictitious ones.

### GENERAL ALLEGATIONS

13.

The murder of George Floyd at the hands of a Minneapolis Police Officer engendered widespread demonstrations in support of the Black Lives Matter (BLM) movement and against

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

police violence disproportionately directed at Black, Indigenous, and community members of Color. While this is a national movement, it is extremely relevant in Portland, as data show Portland Police Bureau's (PPB) use of force, traffic stops, searches, seizures and arrests are disproportionately directed toward Black and other community members of color.

14.

In response to the protests that occurred, and continue to occur, in Portland, Oregon, PPB has employed increasingly heavy-handed and brutal crowd control tactics, including acts that serve no legitimate policing purpose and violate the Constitutional rights of persons simply exercising their right to free speech and nonviolent protest.

15.

On the afternoon of September 26, 2020, around 11:00 am, an unknown number of PPB police officers, comprised of mostly Rapid Response Team members in full tactical gear, gathered at the entrance of Peninsula Park where protesters were assembling in preparation for a daytime march and demonstration in support of the BLM movement. The demonstration included speakers, listening sessions, and advocacy training.

16.

Prior to September 26, 2020, Plaintiffs were aware of serious threats made by members of the far-right, extremist group, The Proud Boys. There were credible threats that on September 26, 2020, members of the Proud Boys would engage in physical violence against protestors, supporters of the BLM movement, and houseless individuals at Delta Park.  As a result, the decision was made to hold the BLM event in Peninsula Park during daytime hours and to provide attendees with protective gear in case of violence.

///

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

17.

That afternoon, Dica and Grace decided to attend the event at Peninsula Park to provide medical and mutual aid to the protestors and engage in lawful protest. Dica was dressed in dark jeans and a jacket that clearly displayed the medical insignia of a red cross. Grace was wearing black clothes, which displayed the medical insignia of a red cross over both shoulders, which visibly showed she was a medic. Plaintiffs were gathering medical supplies near a gazebo in the park, when Dica was first approached by PPB Officers who inquired about the event's organizers. Dica did not organize the event and could not provide the information. She and Grace walked towards the west entrance to the public park, when she - and several other individuals gathering at the park - were handed foam shields, and other protective gear to avoid injury from defendants' less lethal munitions. As the group gathered the material and other supplies, multiple Portland Police Officers aggressively confiscated their supplies, including the shields. Plaintiffs witnessed this happen on the west entrance and inquired with PPB Officers about the legality of taking away such trivial objects. They were never provided with an answer.

18.

The officers continued confiscating the plastic and foam shields and other protective gear that protestors lawfully had in their possession. The PPB officers had not deemed those items as weapons.

19.

At approximately 11:47am, Dica and Grace continued watching as PPB Officers shouted at protestors and confiscated their personal property. Many were filming the police officers engaging in this conduct. Dica was standing on a foam shield and asking PPB Officers about the legality of their actions. The foam shield she was standing on clearly could not be used as a

weapon. Dica was in a public place doing nothing wrong. No riot or illegal gathering of any kind had been declared by the police, nor could it legally have been.

20.

As Dica positioned herself to stand on the shield she was approached from behind by defendants Maxey and John Does, who were dressed in full tactical gear. Maxey had his helmet off and was not wearing a mask (to help prevent the spread of the coronavirus). His face was readily visible. Defendant John Does were also wearing tactical gear but had their helmet closed or masks on and were not easily identifiable. At the time, Dica was not in the way of any person or police officer. Maxey walked up to Dica, grabbed her jacket, lifted her body, and violently shoved her to the ground. Dica fell on her side, injuring her shoulder, back, neck, and arms. She was treated on the scene for her injuries.

21.

Grace witnessed her mother's fall and immediately spung into action. Grace's natural reaction was to lunge towards her mother and help her with her injuries. In doing so, a plastic shield was dislodged and went towards a standing group of police officers. This enraged the group of PPB officers and they swarmed Grace and aggressively shoved her towards the ground. Grace, who was eighteen at the time and stands at 5'2 tall, could hardly be seen as a viable threat. Despite her small stature, multiple PPB officers piled on top of Grace and cuffed her in front of the witnesses. She was carried into the street where several PPB Officers knelt on her back, handcuffed her hands, and violently twisted her arms. Grace pleaded with the Officers to stop hurting her body. In response, they slammed Grace's head to the pavement and ripped off her motocross gear. This all happened as Dica watched in horror. Grace was arrested and dragged away by PPB officers, suffering injuries to her face, teeth, hands, and arms.

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

22.

The entire incident was video recorded by several onlooking fellow demonstrators and members of the press.

23.

After Grace was arrested, she was taken to the Multnomah County Justice Center and booked into jail. She had injuries from the ambush and was treated for a bloodied lip. She was then processed and charged with disorderly conduct and aggravated assault (after a criminal trial in August 2021, she was found not guilty of all charges). While Grace was detained, but after she was processed and charged, she was told it wasn't safe for her leave. This caused Grace to experience a panic attack as she feared she would never be allowed to leave. The Officer told Grace that if she didn't calm down, she would be thrown in a smaller cell. Grace's panic attack spiraled, and she sat alone trying to calm down. She was unable to do so, and a female PPB Officer forced Grace into a smaller cell where she was isolated and alone. Grace pleaded to be released from custody, but the Officer refused. She wasn't released until early morning the following day. Upon information and belief, there was no need to keep her in custody after she was processed and charged.

24.

On information and belief, the individual police officers were carrying out policy decisions and orders from PPB's chain of command, policies and procedures made and undertaken in deliberate violation of Plaintiffs' Constitutional rights.

**DAMAGES ALLEGATIONS**

25.

As a result of the actions alleged herein, plaintiffs have and will continue to suffer

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

economic damages. Plaintiffs are entitled to recover from defendants such lost wages of

employment and other economic losses, including reasonable follow up medical care required

as a result of defendants' actions, in such amount as may be established at trial.

26.

As a further result of defendants' actions alleged herein, plaintiffs have suffered and are

entitled to recover for their noneconomic damages for pain and suffering, humiliation,

embarrassment, and reaction to the excessive force, in an amount found to be appropriate by a

jury based on the evidence presented at trial.

27.

Plaintiffs are entitled to an assessment of punitive damages against Maxey and Does in

amounts to be determined at trial.

28.

Plaintiffs are entitled to recover their reasonable attorney's fees, and other litigation

costs of the action pursuant to 42 U.S.C. § 1988(b).

**FIRST CLAIM FOR RELIEF**
**(42 U.S.C. § 1983 – 4th Amendment Violation - Individual Liability)**

29.

Plaintiffs incorporates paragraphs 1 through 28 as though fully set forth herein.

30.

It is clearly established law that an officer may not use force that, in light of the -

circumstances and as perceivable by a reasonable, objective officer, is excessive and

unnecessary.

31.

In taking the actions described above, including but not limited to Maxey and John Does

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

battering Dica while she was lawfully attending a family-friendly daytime protest, by shoving

Dica's body to the ground, and by shoving Grace to the ground when she attempted to help her

mother, and by arresting her while she was engaging in peaceful protest. Maxey and John Does

intentionally violated Plaintiffs' right to be free from excessive force guaranteed by the Fourth

Amendment of the Constitution.

## SECOND CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - First Amendment Violation - Free Speech and Assembly – Individual Liability)

32.

Plaintiff incorporates paragraphs 1 through 31, as though fully set forth herein.

33.

As described herein above, Maxey and John Does violated Plaintiffs' rights to free

speech and peaceful protest. On information and belief, the conduct of the individual officers

was in conformance with policy and orders dictated that evening by the Portland police

department and subsequently ratified by their superiors in violation of the First Amendment to

the United States Constitution.

34.

Defendant City of Portland, its Portland Police Bureau, its officials, and the individual

defendants were deliberately indifferent to Plaintiffs' rights, and their actions caused or

contributed to the cause of their injuries and the violation of the First Amendment to the United

States Constitution.

35.

The actions of Defendants Maxey and John Does were malicious, deliberate, intentional,

and embarked upon with the knowledge of, or conscious disregard of, the harm that would be

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

inflicted upon Plaintiffs. As a result of such intentional conduct, Plaintiffs are entitled to an assessment of punitive damages against Defendants Maxey and John Does, in their individual capacities, in an amount sufficient to punish them and to deter them and others from like conduct.

### THIRD CLAIM FOR RELIEF
### (42 U.S.C. § 1983 - First and Fourth Amendments Violations – *Monell* Liability)

36.

Plaintiff incorporates paragraphs 1 through 35 as though fully set forth herein.

37.

The individual defendants' conduct is illustrative of a patterns and practice of PPB officers violating the First and Fourth Amendment rights of individuals engaging in protests in Portland.

38.

Defendant City of Portland does not have adequate supervisory review of incidents where officers use force that would correct patterns of excessive force in a timely fashion, and rarely categorizes excessive force as out-of-policy even when the force is clearly excessive. The individual defendants have received no training or discipline for violating the United States Constitution. Defendant City of Portland has effectively condoned this practice by repeatedly failing to correct it.

39.

By maintaining a pattern and practice of violating protesters' First and Fourth Amendment rights, Defendant City of Portland has injured Plaintiffs as alleged herein.

///

///

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

## FOURTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

40.

Plaintiffs incorporates paragraphs 1 through 39 as though set forth fully herein.

41.

Defendant Maxey and John Does actions in interfering with and attempting to prevent Plaintiffs from lawfully attending a protest, shoving their persons to the ground in effort to prevent them from engaging in lawful protest, and arresting Grace and denying her medical treatment while in custody, were committed deliberately and intentionally to cause Plaintiffs severe emotional distress or were undertaken with reckless disregard that Plaintiffs would suffer severe emotional distress.

42.

Defendant Maxey and John Does knew, or should have known, that Plaintiffs would suffer severe emotional distress, mental anguish, fear, humiliation, and public embarrassment and that such distress was substantially certain to result from their conduct.

43.

As a result of Defendants' actions, Plaintiffs suffered severe emotional distress that was substantial and enduring.

44.

Defendants' actions were an extraordinary transgression of the bounds of socially tolerable behavior.

///

///

///

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

## FIFTH CLAIM FOR RELIEF
### (Assault and Battery)

45.

Plaintiff incorporates paragraphs 1 through 44 as though set forth fully herein.

46.

Through the actions of its agents, Maxey and John Does, Defendant City of Portland is vicariously liable for the actions of the individually named defendants.

47.

Defendant Maxey intended to cause harmful or offensive contact with Plaintiff Dica. Defendants John Doe intended to cause harmful or offensive contact with Plaintiff Grace.

48.

Defendant Maxey's actions directly caused harmful or offensive contact with Plaintiff Dica. Defendant John Does actions directly caused harmful or offensive contact with Plaintiff Grace.

49.

As a direct and proximate result of Defendants' unlawful acts, Plaintiffs have suffered physical and emotional injury.

## SIXTH CLAIM FOR RELIEF
### (State Law Claim - Wrongful Arrest – Plaintiff Grace)

50.

Plaintiff incorporates paragraphs 1 through 49 as though set forth fully herein.

51.

At the time Plaintiff Grace was arrested she was attempting to assist her mother and was complying with the police directive; and had engaged in no behavior that threatened injury to

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770

police officers.

52.

Defendants lacked probable cause to arrest Plaintiff Grace.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1.    Assume jurisdiction over Plaintiffs' claims,

2.    Award economic damages against the defendants as alleged herein,

3.    Award noneconomic damages against the defendants as alleged herein,

4.    Assess punitive damages against the individual defendants Maxey and John Does as alleged herein,

5.    Award plaintiffs their reasonable attorney fees and costs pursuant to 42 U.S.C. § 1988, and

6.    Award such other relief in favor of plaintiff the Court deems just and equitable.


Dated this 26th Day of August, 2022.


                                                   s/ Ashley A. Marton
                                         Ashley A. Marton, OSB No. 171584
                                         Rebecca Cambreleng, OSB No. 133209
                                         Of Attorneys for Plaintiff

CRISPIN HANNON MARTON CAMBRELENG LLC
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone: 503-293-5770